**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

In re: Deion Nathaniel Jackson

Debtor.

Case No. 3:24-bk-00342-JAB

DEION NATHANIEL JACKSON,

    Appellant,

v.

Case No. 3:24-cv-737-MMH

CHAPTER 13 TRUSTEE,

    Appellee.

## **O R D E R**

    **THIS CAUSE** is before the Court on appeal from the United States Bankruptcy Court for the Middle District of Florida. Appellant Deion Nathaniel Jackson timely appeals the United States Bankruptcy Court's July 11, 2024 Order Dismissing Case with Prejudice (Doc. 2-3; Bankruptcy Order). See Debtor Notice of Appeal (Doc. 1; Notice of Appeal). On September 10, 2024, Jackson filed an initial brief. See Appellant's Initial Brief (Doc. 5; Initial Brief). Chapter 13 Bankruptcy Trustee, Douglas W. Neway (the Trustee), filed a response brief on October 8, 2024. See Douglas W. Neway's, Chapter 13

Trustee, Objection to Designation as Appellee and Response to Appellant's Opening Brief (Doc. 6; Response).[1] On October 16, 2024, Jackson filed a reply brief. See Appellant's Reply Brief (Doc. 7; Reply Brief). Without leave of the Court, the Trustee filed a Response to Appellant's Reply Brief (Doc. 8; Sur-Reply). Accordingly, this appeal is ripe for review.

## I. Standard of Review

This Court has jurisdiction to hear an appeal from a final judgment entered by the Bankruptcy Court. See 28 U.S.C. § 158(a). In functioning as an appellate court, the Court reviews de novo the legal conclusions of a bankruptcy court but must accept a bankruptcy court's factual findings unless they are clearly erroneous. See In re JLJ Inc., 988 F.2d 1112, 1116 (11th Cir. 1993). "A finding [of fact] is 'clearly erroneous' when[,] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). The burden is on the

---

[1] In addition to appealing the Bankruptcy Order, Jackson also requests sanctions against the Trustee and his counsel. See Reply Brief at 2. However, the Trustee is not a proper party to this action to the extent Jackson seeks relief against him. Notably, Jackson appeals a sua sponte order of the Bankruptcy Court. As such, it is unclear how the Trustee is implicated in this appeal at all. Moreover, because Jackson does not raise this issue in his Initial Brief, and first raises it in his Reply Brief, this argument is deemed waived. See In re Liebman, 772 F. App'x 839, 840-41 (11th Cir. 2019) ("We generally do not address arguments made for the first time in a reply brief."); In re Egidi, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived.").

appellant to show that the bankruptcy court's findings of fact are clearly erroneous.  See Griffin v. Mo. Pac. R.R. Co., 413 F.2d 9, 13 (5th Cir. 1969);[2] Ballato v. Ballato, 190 B.R. 447, 448 (M.D. Fla. 1995);[3] In re Fernandez, 132 B.R. 775, 778 (M.D. Fla. 1991).  In addition, the Court may not make independent factual findings.  See In re JLJ Inc., 988 F.2d at 1116; In re Englander, 95 F.3d 1028, 1030 (11th Cir. 1996).  Accordingly, "[i]f the bankruptcy court is silent or ambiguous as to an outcome determinative factual question, the case must be remanded to the bankruptcy court for the necessary factual findings."  In re JLJ Inc., 988 F.2d at 1116.

## II.   Discussion

Upon consideration of the record, the Court finds that the Bankruptcy Order is due to be affirmed.  In his Initial Brief, Jackson contends that "[t]he issue in this case [sic] whether the Lower Tribunal failed to render substantive due process of the Fifth Amendment of the U.S. Constitution."  See Initial Brief at 5.  In doing so, he seems to argue that the Bankruptcy Order dismissing his case with prejudice was improper because he was not afforded "a mandated

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] While decisions of other district courts are not binding, they may be cited as persuasive authority.  See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

hearing in [sic] pursuant to the 5th Amendment of the U.S. Constitution." See id. at 6. However, the record on appeal belies this argument. The Bankruptcy Court dismissed Jackson's case after finding that Jackson had consistently failed to comply with court orders and applicable bankruptcy laws. See Bankruptcy Order at 3. As discussed below, this conclusion is fully supported by the record.

Jackson filed his bankruptcy case on February 5, 2024. See Voluntary Petition for Individuals Filing for Bankruptcy (Doc. 2-5; Bankruptcy Petition). On February 23, 2024, the Bankruptcy Court dismissed the case based on Jackson's failure to file the required Chapter 13 plan. See Order Dismissing Case (Doc. 2-20; Dismissal Order). On Jackson's request, the Bankruptcy Court later set aside the Dismissal Order, reinstated the case, and set a confirmation hearing for April 30, 2024. See Order Granting Motion to Reinstate Case, Vacating Order Dismissing Case and Rescheduling 341 Meeting and Initial Confirmation Hearing and Extending Deadlines (Doc. 2-26; Order of Reinstatement). Consistent with the Order of Reinstatement, the Bankruptcy Court convened a confirmation hearing on April 30, 2024, but Jackson failed to appear. See Order Continuing Hearing on Confirmation of Debtor's Chapter 13 Plan (Doc. 2-40; Order Resetting Hearing). In light of Jackson's non-appearance, the Bankruptcy Court sua sponte continued the confirmation hearing to May 21, 2024. See id. In the Order Resetting

Hearing, the Bankruptcy Court specifically stated: "Failure of the Debtor to appear at the continued hearing may result in the Debtor's case being dismissed." Id.  Instead of appearing as directed, on May 20, 2024, Jackson filed Debtor's Objection to Chapter 13 Confirmation Hearing is Moot and Null and Void, Debtor's Motion to Strike the Confirmation Hearing (Doc. 2-49; Motion to Strike).  Despite the fact that the Bankruptcy Court had not granted the Motion to Strike, and despite the Bankruptcy Court's caution in the Order Resetting Hearing, Jackson failed to appear for the May 21, 2024 hearing.  See Pro Memo (Doc. 2-50; May 21, 2024 Meeting Notes).  After Jackson failed to appear for the second time, the Bankruptcy Court entered an order denying the Motion to Strike and ordering Jackson to appear on July 9, 2024, for a continued confirmation hearing and to show cause why his case should not be dismissed with prejudice and Jackson be prohibited from filing bankruptcy cases for two years. See Order Denying Motion to Strike Confirmation Hearing, Rescheduling Confirmation Hearing, and Scheduling Hearing to Show Cause Why Case Should Not Be Dismissed With Prejudice (Doc. 2-51; Order Setting Show Cause Hearing).  In the Order Setting Show Cause Hearing, the Bankruptcy Court cautioned Jackson about his duty to cooperate with the Trustee, see id. at 3, explained the court's authority to impose sanctions, see id. at 3-5, and reminded Jackson that as a pro se plaintiff, he must follow the Rules of Procedure, see id. at 5.  Additionally, the Bankruptcy Court warned Jackson

that failure to appear at the July 9 hearing could result in sanctions. See id. at 5. Following entry of the Order Setting Show Cause Hearing, Jackson filed several frivolous motions. See Debtor Nathaniel Jackson Moves This Court to Null and Void or Either the Appeals Court of the Middle District of Florida to Null and Void All of the Chapter 13 Bankruptcy Proceedings as Moot (Doc. 2-53; Motion to Null and Void); Debtor Motion to Strike Attorney John J. Freeman, Jr. Response Dated: June 25, 2024 as Moot and Null and Void (Doc. 2-57; Motion to Strike Attorney). The Bankruptcy Court noticed both motions to be heard at the July 9, 2024 hearing. See Notice of Hearing dated June 6, 2024 (Doc. 2-54); Notice of Hearing dated July 4, 2024 (Doc. 2-58). Despite all of this, Jackson again failed to appear at the July 9, 2024 hearing. See Pro Memo (Doc. 2-60; July 9, 2024 Meeting Notes). Based upon Jackson's consistent failure to comply with the Bankruptcy Court's orders and applicable law, Jackson's frivolous filings, and his failure to appear at the July 9 confirmation and show cause hearing, the Bankruptcy Court found that Jackson filed the case in bad faith, dismissed his case with prejudice, and barred Jackson from future bankruptcy filings. See Bankruptcy Order at 4-5.

In light of this record, there is no merit to Jackson's claim that he was denied due process in the Bankruptcy Court. He was given ample opportunities to appear for hearings and have his case heard but opted not to do so. The Bankruptcy Court warned Jackson that failure to appear may

result in dismissal of his case, but Jackson ignored these warnings.  Moreover, in the Bankruptcy Order, the Bankruptcy Court also catalogued Jackson's frivolous filings and contumacious conduct, see Bankruptcy Order at 3-4, none of which Jackson has challenged as incorrect or inaccurate.  The record reflects that Jackson failed to comply with Bankruptcy Court Orders and bankruptcy laws.  That, combined with numerous frivolous filings, warranted dismissal with prejudice.  The Court finds that the Bankruptcy Court's factual findings are fully supported by the record.  Accordingly, the Court finds no error in the Bankruptcy Order and the decision of the Bankruptcy Court is due to be affirmed.

In reaching the above conclusion, the Court notes that in his Initial Brief and Reply Brief, Jackson requests various other forms of affirmative relief, but he does so without identifying any legal basis for such relief.  See Initial Brief at 7 ("Also that Judge Jacob A. Brown be sanctioned in the amount of fifty-thousand dollars ($50,000). Also that this court render the debtor a discharge on the grounds that there was no creditor at the meeting of the creditors. Also there was no creditor, that filed a proof claim."); Reply Brief at 2 "("The debtor is entitled to a mandate Chapter 13 discharge by this court. Also, impose a ($10,000,000) ten million dollar sanction against all of the public officials that have participated within [this action].").  The Court declines to address these perfunctory assertions because Jackson has not included any legal argument

supporting the requests for discharge or sanctions. See Fed. R. Bankr. P. 8013(a)(2) ("A motion must state with particularity the grounds for the motion, the relief sought, and the legal argument supporting it."); see also Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); see also Big Top Koolers, Inc. v. Circus-Man Snacks, Inc., 528 F.3d 839, 844 (11th Cir. 2008) ("We decline to address an argument advanced by an appellant for the first time in a reply brief.") (citation omitted).

### III. Conclusion

Having reviewed the record and the parties' arguments, the Court finds that the order of the Bankruptcy Court is due to be affirmed. The Bankruptcy Court's factual findings are not clearly erroneous and there is no support for a finding that Jackson was denied due process.

Accordingly, it is

**ORDERED**:

1. The Order Dismissing Case with Prejudice (Doc. 2-3) is **AFFIRMED**.

2. All pending motions are **DENIED as moot**.

3. The Clerk of Court is directed to enter judgment, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 27th day of February, 2025.

MARCIA MORALES HOWARD
United States District Judge

Lc34

Copies to:
Pro Se Party
Counsel of Record